**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.L. and B.F.**

**No. 22-0416** (Harrison County 21-JA-144-1 and 21-JA-145-1)

**MEMORANDUM DECISION**

Petitioner Mother K.F.[1] appeals the Circuit Court of Harrison County's April 19, 2022, order terminating her parental rights to J.L. and B.F.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In June of 2021, the DHHR filed a petition alleging that petitioner's substance abuse negatively impacted her ability to parent. The DHHR also alleged that petitioner had a prior child abuse and neglect case, due to drug abuse, that resulted in reunification and dismissal just five months prior. The DHHR explained that shortly after dismissal, it received numerous referrals regarding petitioner's substance abuse and the children's safety. Also, J.L.'s father obtained a domestic violence protective order against petitioner after J.L. appeared to have a bruised eye after being with petitioner. During the domestic violence proceedings, the family court and circuit court ordered petitioner to submit to drug screens; she tested positive for methamphetamine on three occasions and failed to appear for several subsequent drug screens.

The circuit court adjudicated petitioner as an abusing parent in July of 2021 based on evidence of her ongoing substance abuse. Petitioner filed a motion for a post-adjudicatory improvement period in August of 2021. The court granted petitioner's motion for an improvement period upon learning that petitioner had enrolled in an inpatient drug rehabilitation program. Petitioner agreed to the following terms of her improvement period: submit to a psychological evaluation and follow any recommendations therefrom, submit to a drug and alcohol assessment and follow any recommendations for treatment, participate in individual therapy, take random drug

---

[1]Petitioner appears by counsel Julie N. Garvin. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Allison S. McClure appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

screens, attend parenting and adult life skills classes, maintain a clean and appropriate home, cooperate with services providers, and have no contact with known drug users.

During her improvement period, petitioner completed an inpatient substance abuse program and participated in her psychological evaluation in February of 2022. Her prognosis for gaining effective parenting skills within the near future was poor due, in part, to petitioner's short time in recovery; multiple mental health issues, including maladaptive personality traits; lack of stable housing; lack of employment or source of income; and her extensive history with Child Protective Services. Petitioner's improvement period expired in February of 2022.

Petitioner filed a motion for an extension of her improvement period in March of 2022. In April of 2022, the circuit court held a dispositional hearing, during which petitioner testified that she had last used drugs in late March of 2022 but that some of her positive drug screens from January of 2022 on were false positives. The guardian and the DHHR argued against an extension and in favor of termination, stating that petitioner had not made sufficient progress and continued to deny any wrongdoing. The DHHR presented fifteen exhibits that showed petitioner had numerous failed drug screens for methamphetamine and fentanyl, as recently as January of 2022, and that she had failed to appear for eleven drug screens since November of 2021. The exhibits also included a criminal complaint against petitioner in Harrison County Magistrate Court concerning a domestic altercation with a family member. The DHHR provided testimony from two DHHR workers, two service providers, and an expert on analyzing drug screen results, which showed that petitioner had relapsed, had not completed parenting and adult life skills classes, and still lacked employment and income.

Based on the evidence, the circuit court found that petitioner had no stable housing, no stable income, and had last used illicit substances as recently as the week prior to the dispositional hearing. The court noted that petitioner's 2019 abuse and neglect case concerned the same issues of domestic violence and illicit drug use. As such, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the children's welfare required termination of her parental rights. The court then terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first alleges that the circuit court erred in denying her motion for an extension of her post-dispositional improvement period. However, petitioner does not allege that she substantially complied with the terms of her prior improvement period such that an extension to her improvement period was appropriate under West Virginia Code § 49-4-610(6). While it is true that petitioner completed a short-term inpatient drug rehabilitation program and complied with some aspects of the case plan, the record nonetheless shows that she relapsed in January of 2022, continued to engage in domestic violence, and had not obtained housing or income. Therefore, she made no substantial progress in addressing the

---

[3]J.L.'s father was nonabusing, and that child was reunified with the father. B.F.'s father voluntarily relinquished his parental rights, and the permanency plan for that child is adoption in kinship placement.

conditions of abuse and neglect and continued to pose a threat to the children's safety. Accordingly, we agree with the circuit court's denial of an extension to petitioner's improvement period. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period.").

This same evidence further supports the circuit court's termination of petitioner's parental rights. Petitioner takes issue with the court's findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of her rights was necessary for the children's welfare. Petitioner contends that the children would have been adequately protected with an alternative disposition that terminated only petitioner's custodial rights, as one child was reunified with his father and another child was placed with a relative. Contrary to her assertion that she was not given a "substantial chance to succeed," the record shows that petitioner "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [her] own or with help." *See* W. Va. Code § 49-4-604(d) (defining no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected). Petitioner received a plethora of services over many months yet failed to take full advantage of those services. Further, the court found that termination of petitioner's parental rights was necessary for the children's welfare, given that one child has special needs and deserved stability with the father and the youngest child deserved permanency through adoption. Ultimately, petitioner is not entitled to relief because West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (citation omitted). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 19, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3